STROOCK & STROOCK & LAVAN LLP
180 MAIDEN LANE
NEW YORK, NEW YORK 10038
(212) 806-5400
*Attorneys for Defendant Fifth on the Park Condo, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JKP, LLC,

              Plaintiff,

              No. 09 CV 7148

  v.

FIFTH ON THE PARK CONDO, LLC,      **ANSWER**

              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Fifth on the Park Condo, LLC, ("Defendant") by its attorneys Stroock & Stroock & Lavan LLP, for its Answer to the Complaint (the "Complaint") filed by Plaintiff JKP, LLC ("JKP" or "Plaintiff"), responds and alleges as follows:

    1.    Denies the allegations of Paragraph 1 of the Complaint, except refers to the Interstates Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* (the "Act"), the regulations, 24 C.F.R § 1700 *et seq.* (the "Regulations"), and the HUD Guidelines, 61 Fed. Reg. 13596 *et seq.* (the "Guidelines"), for their true, correct and complete contents, and admits that Plaintiff purports to premise this lawsuit on those Federal statutes.

    2.    With respect to the allegations in Paragraph 2 of the Complaint, admits that Plaintiff seeks to premise subject matter jurisdiction on the various Sections of Title 15 of the U.S. Code, but denies that Plaintiff has stated a claim against Defendant.

-2-

3. With respect to the allegations in Paragraph 3 of the Complaint, admits that Plaintiff seeks to premise personal jurisdiction on various States and Federal provisions and that Defendant is subject to this Court's jurisdiction.

4. With respect to the allegations in Paragraph 4 of the Complaint, admits that Plaintiff seeks to premise venue on various sections of Title 28 of the U.S. Code and that venue is proper in this District.

5. With respect to the allegations in Paragraph 5 of the Complaint, Defendant states that it does not have knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Denies the allegations in Paragraph 6 of the Complaint, except avers that Defendant Fifth on the Park Condo, LLC is a limited liability company of Delaware.

7. Paragraph 7 of the Complaint purports to state legal conclusions as to which no response is required.

8. Admits the allegations in Paragraph 8 of the Complaint.

9. Admits the allegations in Paragraph 9 of the Complaint.

10. Denies the allegations in Paragraph 10 of the Complaint, except admits that the Condominium contains more than 99 units, and that, pursuant to the Offering Plan, more than 99 units were offered for sale.

11. Paragraph 11 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the allegations, except refers to the Offering Plan for its true, correct and complete contents.

12. Denies the allegations in Paragraph 12 of the Complaint, except refers to the Offering Plan for its true, correct and complete contents.

13. Denies the allegations in Paragraph 13 of the Complaint, except refers to the Offering Plan for its true, correct and complete contents, and avers that at the time that the parties executed the Purchase Agreement less than 99 units had been sold.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Denies the allegations in Paragraph 15 of the Complaint, except admits that Defendant Fifth on the Park Condo, LLC has used the United States Postal Service, electronic means of data and voice communication and non-governmental overnight courier services in connection with its sales of units at the Condominium.

16. Denies the allegations in Paragraph 16, except admits that in its construction of the Condominium, Defendant Fifth on the Park Condo, LLC purchased goods and services which originated outside the State of New York and were transported to, and incorporated into, the Condominium, which is located in this district, and admits further that the website www.5thonthepark.com was used from or about May 2007 to, *inter alia*, market units at the Condominium that were available for sale and respond to inquiries about the Condominium.

17. Denies the allegations in Paragraph 17 of the Complaint, except admits that Plaintiff signed the Purchase Agreement on October 25, 2007 and Defendant Fifth on the Park Condo, LLC signed the Purchase Agreement on November 23, 2007, and refers to the Purchase Agreement for its true, correct and complete contents.

18. Admits the allegations in Paragraph 18 of the Complaint, and avers further that the funds are held in escrow.

19. Paragraph 19 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the

allegations in Paragraph 19 of the Complaint, except refers to the Act, Regulations, and Guidelines for their true, correct and complete contents.

20. Paragraph 20 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 20 of the Complaint, except refers to the Act for its true, correct and complete contents.

21. Denies the allegations in Paragraph 21 of the Complaint.

22. Denies the allegations in Paragraph 22 of the Complaint, except admits that at the time the Purchase Agreement was executed, pursuant to the terms of the Offering Plan, Developer offered for sale over ninety nine (99) units at the Condominium, and admits further that at the time the Purchase Agreement was executed, the Unit was not physically habitable and usable for the purpose for which it was purchased.

23. Admits the allegations in Paragraph 23 of the Complaint.

24. Admits the allegations in Paragraph 24 of the Complaint.

25. Denies the allegations in Paragraph 25 of the Complaint, except refers to the Purchase Agreement for its true, correct and complete contents.

26. Admits the allegations in Paragraph 26 of the Complaint.

27. Admits the allegations in Paragraph 27 of the Complaint.

28. Admits the allegations in Paragraph 28 of the Complaint.

29. Admits the allegations in Paragraph 29 of the Complaint.

30. Admits the allegations in Paragraph 30 of the Complaint, and avers that the Developer had the option to revise the form of purchase agreement upon duly submitted and approved amendments to the Offering Plan.

31. Denies the allegations in Paragraph 31 of the Complaint.

32. Admits the allegations in Paragraph 32 of the Complaint.

33. Denies the allegations in Paragraph 33 of the Complaint, except refers to the Purchase Agreement for its true, correct and complete contents.

34. Admits the allegations in Paragraph 34 of the Complaint (assuming that "deal" was meant to be "deed").

35. Admits the allegations in Paragraph 35 of the Complaint.

36. Admits the allegations in Paragraph 36 of the Complaint.

37. Admits the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations in Paragraph 38 of the Complaint.

39. Admits the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint purports to state legal conclusions as to which no response is required.

41. Denies the allegations in Paragraph 41 of the Complaint, except admits that Defendant did not receive any form of ruling from HUD and avers that there is no requirement to obtain "a substantial compliance exemption from HUD."

42. Denies the allegations in Paragraph 42 of the Complaint, except admits that Defendant did not receive any form of ruling from HUD and avers that there is no requirement to obtain "a no-action letter from HUD."

43. Paragraph 43 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint, except refers to the Act for its true, correct and complete contents.

45. Denies the allegations in Paragraph 45 of the Complaint, except refers to the Purchase Agreement for its true, correct and complete contents.

46. Denies the allegations in Paragraph 46 of the Complaint, except refers to the Act and Regulations for its true, correct and complete contents.

47. Admits the allegations in Paragraph 47 of the Complaint, except avers Developer was not required to file a Statement of Record with HUD.

48. Admits the allegations in Paragraph 48 of the Complaint, except avers that Developer was not required to provide a HUD Property Report to Plaintiff.

49. Denies the allegations in Paragraph 49 of the Complaint, except refers to the Act for its true, correct and complete contents.

50. Denies the allegations in Paragraph 50 of the Complaint, except refers to the Purchase Agreement for its true, correct and complete contents.

51. Paragraph 51 purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Denies the allegations in Paragraph 54 of the Complaint, except admits that Defendant Fifth on the Park Condo, LLC received the July 6, 2009 letter referred to therein, and refers to that July 6, 2009 letter for its correct and complete contents.

55. Denies the allegations in Paragraph 55 of the Complaint, except admits that Defendant Fifth on the Park Condo, LLC received the July 6, 2009 letter referred to in Paragraph 63 of the Complaint and refers to that July 6, 2009 letter for its correct and complete content.

56. Denies the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant hereby incorporates and re-alleges its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

59. Denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint purports to state legal conclusions as to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

61. No response is required to Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Without in any way admitting any of the allegations of the Complaint, and without admitting or suggesting that it bears the burden of proof on any of the following issues, Defendant alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

62. Plaintiff has failed to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

63. Plaintiff's claim is barred by the terms of the Act, the Regulations, and/or the Guidelines.

## THIRD AFFIRMATIVE DEFENSE

64. Defendant is exempt from complying with the Act in connection with its development of the building situated at 1485 Fifth Avenue, New York, New York and/or with the apartment unit that is the subject of Plaintiff's Complaint by reason of, *inter alia*, 15 U.S.C. § 1702(b)(1) and 24 C.F.R. § 1710.6.

## FOURTH AFFIRMATIVE DEFENSE

65. Because Plaintiff seeks an equitable remedy, Plaintiff's claim is barred by its unfair and/or improper conduct.

## FIFTH AFFIRMATIVE DEFENSE

66. Plaintiff's claim is barred by the doctrines of unclean hands, unjust enrichment, bad faith and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

67. Plaintiff's claim is barred by the doctrines of laches, waiver and/or acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

68. Plaintiff's claim is barred because Defendant has substantially complied with the Act; because Defendant disclosed information to the Plaintiff that is at least substantially equivalent to the information required to be disclosed by the Act; and/or because

New York's laws and regulations provide sufficient protection for Plaintiff with respect to the matter to which the Act requires disclosure.

## EIGHTH AFFIRMATIVE DEFENSE

69. Plaintiff is not entitled to attorneys' fees, costs or penalties of any kind, or any other form of damages from Defendant under the claim alleged and/or under the relevant portions of the Act, the Regulations, or the Guidelines.

**WHEREFORE**, Defendant respectfully requests judgment in its favor and against Plaintiff:

(a) Denying Plaintiff's claim and dismissing the Complaint against Defendant with prejudice;

(b) Awarding Defendant its costs, reasonable attorneys' fees and disbursements in this action; and

(c) Granting such other and further relief as this Court deems just.

Dated: New York, New York
September 30, 2009

STROOCK & STROOCK & LAVAN LLP

By: /s/ Daniel A. Ross
Daniel A. Ross
Sandra Rampersaud
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Attorneys for Defendant Fifth on the Park Condo, LLC

TO:
Paul J. Hanly, Jr., Esq.
Jayne Conroy, Esq.
HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP
112 Madison Avenue
New York, New York 10016-7416

Attorneys for Plaintiff JKP, LLC